ORDERED.

**Dated: April 26, 2021**

_Catherine M. Ewen_
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                                  Case No. 8:19-bk-07116-CPM
                                                                                        Chapter 7
Eagle Enterprises, LLC

      Debtor.
_____/

**ORDER GRANTING TRUSTEE'S MOTION FOR
AUTHORITY TO SELL REAL PROPERTY**
(Property: 10120 Briar Circle, Hudson, FL  34667)

THIS CASE came on for hearing on April 26, 2021 at 1:30 p.m., to consider the Chapter 7 Trustee's Motion to Sell Real Property of the Estate with Consent of Secured Lenders ("Motion"), pursuant to the provisions of 11 U.S.C. §363(b), (f) and (m), Doc. No. 159.  Appearances by the Chapter 7 Trustee, Debtor's counsel and counsel for the secured creditors.  The Court has reviewed the Motion and heard from the parties.  For the reasons stated orally and recorded in open Court, which will constitute the findings of this Court, it is appropriate to grant the Motion.  Accordingly, it is

    **ORDERED:**

    1.    The Motion to Sell Real Property is GRANTED.

2. The Trustee is authorized to sell the estate's interest in the real property located at:

LOT 31, BRIARWOODS – PHASE I, ACCORDING TO THE MAP OR PLAT THEREOF, AS RECORDED IN PLAT BOOK 19, PAGE(S) 8 THROUGH 13, INCLUSIVE, OF THE PUBLIC RECORDS OF PASCO COUNTY, FLORIDA

to the Buyer, Alan Norman Prior for the purchase price of $183,000.00, and in accordance with the terms and conditions set forth in the ALTA Settlement Statement, made a part of the Motion.

3. The Trustee is authorized to pay costs and expenses of sale as set forth in the Settlement Statement.

4. Pursuant to Section 363(b) of the Bankruptcy Code, effective upon closing, the sale of the real property will vest in the Buyer all right, title and interest of the Debtor and the bankruptcy estate in the real property, free and clear of all liens, claims or interests.

5. The Buyer has not assumed any liabilities of the Debtor.

6. The Trustee is authorized to execute all documents and instruments reasonable and necessary to close the sale.

7. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as required by the purchase agreement or order of this Court, including, but not limited to: (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing; and (b) other anticipated closing costs of Prorations/Adjustments, Title Charges and Escrow/ Settlement Charges, Government Recording and Transfer Charges, Lender Payoff, Real Estate Brokers Commission of 6%, a carve-out to the Bankruptcy Estate and any other miscellaneous costs of closing.

8.       The Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

9.       The Trustee shall close the sale and distribute the funds due to the secured creditors no later than June 9, 2021.

10.      The 14-day stay period provided by Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Trustee Carolyn Chaney is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.